AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Mark LLOYD<br><br>*Defendant(s)* | Case No. 2:25-mj-658 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **November 14, 2025** in the county of **Franklin** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 111(a)(1) and (b) | Assaulting, resisting, or impeding a person assisting a federal officer or employee in the performance of official duties |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

TRACEY CLIFFORD
Digitally signed by TRACEY CLIFFORD
Date: 2025.11.20 10:37:55 -05'00'

*Complainant's signature*

Tracey C. Clifford, Deputy US Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 20, 2025

Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, Ohio

## **AFFIDAVIT**

I, Tracey C. Clifford, being duly sworn, do hereby declare and state the following:

1) I am a Deputy United States Marshal assigned to the Southern District of Ohio and have served with the United States Marshals Service (USMS) since December 2022. In this capacity, I am authorized under 28 U.S.C. § 564 to enforce the laws of the United States, including violations such as Assault on a Federal Officer under 18 U.S.C. § 111. Prior to joining the USMS, I served as a State Parole Officer with the Ohio Adult Parole Authority from July 2019 to December 2022, during which time I was assigned as a Task Force Officer to the USMS Northern Ohio Violent Fugitive Task Force. I hold a Bachelor's degree in Criminology and Sociology from John Carroll University and a Master's degree in Criminal Justice with a Homeland Security concentration from Saint Joseph's University. I have completed more than 500 hours of instruction at the USMS National Training Academy at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. During my tenure with the USMS, I have received specialized training in fugitive apprehension and criminal investigations, including completion of the Criminal Investigator Training Program. Throughout my service as a Deputy U.S. Marshal, I have participated in numerous fugitive investigations in coordination with federal, state, and local law enforcement agencies.

2) This affidavit is submitted in support of an application for a criminal complaint charging Mark LLOYD with a violation of 18 U.S.C. § 111. The information contained herein is based on my personal observations, my review of official records and reports, and my conversations with other law enforcement officers and reliable sources. When the contents of documents or statements of others are referenced, they are described in substance unless otherwise indicated. This affidavit does not include all information known to me regarding this investigation; rather, it contains only the facts necessary to establish probable cause for the requested criminal complaint.

3) The USMS for the Southern District of Ohio (SDOH) and Northern District of Ohio (NDOH) is responsible for maintaining custody of federal prisoners detained while awaiting disposition of their cases in federal court. Following disposition of their federal charges, prisoners often must complete pending sentences or court proceedings in state or local jurisdictions. After completion of those matters, prisoners may be returned to USMS custody for transportation to the custody of the Bureau of Prisons (BOP). As neither SDOH nor NDOH maintains its own detention facility, both districts contract with local jails and private correctional institutions to house and transport federal prisoners. Specifically, USMS-SDOH maintains a contract with the Corrections Corporation of America (CCA) for the housing of federal prisoners at the Northeast Ohio Correctional Center (NEOCC) while their cases are pending. TransCor America is responsible for the transportation of USMS prisoners held at NEOCC. Accordingly, NEOCC personnel assist the USMS in the performance of official duties.

4) Federal prisoner movements between facilities are often required when a prisoner is scheduled to be transported to BOP via the USMS Justice Prisoner Air Transportation System (JPATS). In such cases, the prisoner must be transported to a facility near the designated JPATS pick-up location.

5) On or about June 8, 2017, Mark LLOYD pleaded guilty to two counts of Armed Bank Robbery in the United States District Court for the Northern District of Ohio in case number 1:17-CR-00093. On or about September 19, 2017, he was sentenced to 77 months of imprisonment on each count, to be served concurrently, followed by a 5-year term of supervised release on each count, also to be served concurrently.

6) At the time of his federal sentencing, LLOYD had pending criminal matters in the Cuyahoga County Court of Common Pleas. LLOYD was returned to state custody to address those matters. On or about September 22, 2017, he was sentenced in Cuyahoga County case number CR-15599527 to 3 years of imprisonment; in case number CR-16611962 to 1 year of imprisonment; in case number CR-16603313 to 8 years of imprisonment; and in case number CR-17617446 to 3 years of imprisonment. All terms of imprisonment were ordered to run concurrently with each other and with LLOYD's federal sentence.

7) While housed in the custody of the Ohio Department of Rehabilitation and Correction (ODRC), LLOYD was placed in restrictive housing on several occasions due to multiple disciplinary incidents. LLOYD's ODRC release date was scheduled for November 13, 2025, at which time he was to be transferred to the custody of BOP to commence serving his federal sentence.

8) USMS-SDOH assisted NDOH in arranging LLOYD's transfer from Madison Correctional Institution to the Butler County Correctional Complex, a facility used by the USMS for staging prisoners scheduled for JPATS flights. On or about November 13, 2025, USMS was notified by Butler County transport deputies that LLOYD had been picked up from ODRC and that he should be separated from other prisoners during transport due to his history of unpredictable and violent behavior toward staff and inmates. The Butler County Sheriff's Office requested that LLOYD be moved from their facility as soon as possible due to their inability to house him safely. Arrangements were made for LLOYD to be transferred the following day from Butler County to NEOCC, with the transfer occurring at the federal courthouse in Columbus.

9) On or about November 14, 2025, LLOYD was transported to the federal courthouse in Columbus by Butler County transport deputies. Detention Enforcement Officer (DEO) Mecca Short, a CoreCivic employee contracted to the USMS to assist with cellblock operations, was assigned to facilitate prisoner movements that day. DEO Short was aware of LLOYD's violent history, and LLOYD was placed in an isolation cell based on the safety information relayed by ODRC and Butler County officials.

10) The Columbus federal courthouse cellblock is equipped with closed-circuit television (CCTV) cameras monitored by Court Security Officers (CSOs) employed by Walden Security, a contracted security provider for federal courthouses. On November 14, 2025, CSO Scott White was assigned to the Control Room to monitor cameras and operate cellblock doors.

11) At approximately 1200 hours, TransCor transport officers arrived at the courthouse to take custody of LLOYD and were briefed on LLOYD's behavioral history. At approximately 1215 hours, DEO Short proceeded to the isolation cell, accompanied by two TransCor officers, to prepare LLOYD for transport. DEO Short signaled CSO White via CCTV to open the cell door. When the door opened, LLOYD exited the cell and immediately head-butted DEO Short, causing DEO Short to bleed from the nose. LLOYD then assumed a fighting stance by balling his fists and blading his body. DEO Short and a TransCor transport officer were able to push LLOYD back into the cell and secure the door.

12) Additional Deputy U.S. Marshals (DUSMs) were alerted by CSO White that assistance was needed in the cellblock. CCTV footage clearly showed that DEO Short required help. DUSMs Nicholas Antonucci, Brian Boyle, and Abbie Graora immediately responded to the cellblock. From the Control Room, I continued to monitor the incident and notified supervisory personnel and DUSM Barco, a licensed EMT. After the situation was assessed and a plan was established, DUSMs Antonucci and Boyle and Chief Deputy U.S. Marshal (CDUSM) Daniel DeVille assisted with securing LLOYD and completing the transport process. LLOYD was transported by TransCor to NEOCC without further incident.

13) DEO Short sustained a bloody nose that caused him immediate pain. Photographs of his bloody nose and blood-stained clothing were taken. DEO Short was taken to a medical facility to have his injury assessed and treated.

Based on the foregoing, there is probable cause to believe that Mark LLOYD forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a person assisting officers and employees of the USMS in the performance of official duties, in violation of 18 U.S.C. §§ 111(a)(1) and (b).[1]

_Tracey Clifford_
Tracey C. Clifford
Deputy United States Marshal

Sworn before me and subscribed in my presence the 20th of November, 2025, at Columbus, Ohio.

Kimberly A. Jolson
United States Magistrate Judge

---

[1] Section 111 applies to "any person designated in section 1114 of [Title 18] while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). Section 1114 covers "any officer or employee of the United States or any agency in any branch of the United States Government… while such officer or employee is engaged in or on account of the performance of official duties, or ***any person assisting such an officer or employee in the performance of such duties or on account of that assistance***[.]" 18 U.S.C. § 1114(a) (emphasis added). At the time that DEO Short was assaulted, he was assisting USMS employees in the performance of official duties.